IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WRIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HOSPITALS, KAISER FOUNDATION HEALTH PLAN, THE PERMANENTE MEDICAL GROUP, and DOES 1–20,<br><br>    Defendants.<br>                                             / | No. C 12-00663 WHA<br><br>**ORDER FOR LIMITED JURISDICTION DISCOVERY AND VACATING HEARING** |

**INTRODUCTION**

In this wrongful-termination action, defendants move for partial judgment on the pleadings. For the reasons stated below, the motion is **HELD IN ABEYANCE** pending jurisdiction discovery. The hearing scheduled for August 23 is **VACATED**.

**STATEMENT**

Plaintiff Michael Wright, a California resident, served as a psychologist for defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., and Permanente Medical Group, Inc. All defendants are California corporations operating the Kaiser-Permanente Medical Care Program, where Wright was employed from 2001 to 2010. Wright alleges that he was wrongful terminated in November 2010 in retaliation for reporting unsafe, unethical, and unlawful practices by his department.

In November 2011, Wright filed his complaint in Alameda County Superior Court, alleging a slew of state-law claims. A few months later, defendants removed the action to this District on the jurisdiction ground of Section 301 of the Labor Management Relations Act, discussed below. This was the only basis for subject-matter jurisdiction. Defendants now move for partial judgment on the pleadings. As discussed below, however, discovery is needed on the threshold matter of subject-matter jurisdiction.

**ANALYSIS**

*Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998), stated:

> In this action, as in all actions before a federal court, the necessary and constitutional predicate for any decision is a determination that the court has jurisdiction — that is the power — to adjudicate the dispute. The foundational support for all the court's rulings flows from that power. If that power is missing, however, the court is not in a position to act and its decisions cannot generally be enforced.

When a purported state claim for breach of an employment contract is completely preempted by and properly converted to a federal LMRA claim for breach of a collective bargaining agreement, a federal district court has original jurisdiction. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996–97 (9th Cir. 1987) (distinguishing conflict preemption as affirmative defense, which does not provide jurisdiction). Even if a plaintiff's complaint does not expressly state that the employment was governed by a collective bargaining agreement, the district court should "look[] beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction." *Id.* at 997.

> To determine whether section 301 preempts a state tort claim, we do not look to how the complaint is cast. Rather, we inquire whether the claim can be resolved only by referring to the terms of the [collective bargaining agreement]. If the state tort action as applied here confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, the claim is not preempted. A state law claim is independent for the purposes of Section 301 if resolution of it does not require construing the collective bargaining agreement. However, if evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted and may be removed to federal court.

*Hyles v. Mensing*, 849 F.2d 1213, 1215–16 (9th Cir. 1988) (quotations and citations omitted).

Wright pleads that his termination breached his employment contract, which allegedly required defendants to have just cause for termination. In their notice of removal, defendants argue that this claim is preempted by LMRA and instead is properly categorized into a LMRA claim because Wright's employment agreement was a collective bargaining agreement. Wright's "breach of contract" claim is vague and broad (Compl. ¶¶ 46–47):

> 46. Dr. Wright was employed pursuant to a written contract which required Defendants to have just cause to terminate his employment.
>
> 47. Defendants did not have just cause to terminate Dr. Wright's employment and breached Dr. Wright's contract when it did so.

No specific information was given in the complaint about the particular "written contract" that was breached.

In their motion for judgment on the pleadings, defendants argue (1) Wright's breach-of-contract claim properly becomes a LMRA claim because his employment agreement was a collective bargaining agreement, and (2) Wright's LMRA claim is time-barred by a six-month statute of limitations. In his opposition brief, Wright disputes whether a collective bargaining agreement was his operative employment agreement at the time of his termination. This contention should have been raised on a motion to remand. Having failed make such a motion, Wright now argues that he is unsure what employment agreement was breached (Opp. 4):

> [Wright] does not dispute that the [collective bargaining agreement] governed his employment during most of the time he was working for Kaiser-Permanente. However, Dr. Wright is informed and believes that Defendants' CBA with [Service Employees International Union] was terminated after Kaiser-Permanente psychologists voted to end their representation by the SEIU.

Because Wright admits that he cannot identify which employment agreement, if not a collective bargaining agreement, was operative at the time of his termination, he is now seeking "discovery on the status of his employment relationship with Defendants at the time of his termination" (Opp. 4). This request will be granted because whether LRMA preempts is an threshold issue of

United States District Court
For the Northern District of California

subject-matter jurisdiction. Fact discovery will clarify whether a collective bargaining agreement was the operative employment agreement at the time Wright was terminated.

## CONCLUSION

For the reasons set forth above, some jurisdictional discovery is necessary. The parties shall each be allowed to take three half-day depositions on the narrow issues of subject-matter jurisdiction addressed in this order. The parties may also propound eight narrowly tailored document requests on these issues. Failure to cooperate in discovery may be deemed as an admission to the relevant issue by the non-cooperative party.

The parties will have until September 13 to finish this discovery on this topic. Supplementary submissions on this issue will be due at **NOON ON SEPTEMBER 13, 2012**. The motion for judgment on the pleadings will be held in abeyance. The hearing scheduled for August 23 is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 7, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE