**United States District Court**

For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  MICHAEL WRIGHT,
                                                No. C 12-00663 WHA
10            Plaintiff,

11      v.

                                                **ORDER GRANTING IN**
12  KAISER FOUNDATION HOSPITALS,               **PART AND DENYING IN**
    KAISER FOUNDATION HEALTH                    **PART MOTION FOR**
13  PLAN, THE PERMANENTE MEDICAL               **PARTIAL JUDGMENT**
    GROUP, and DOES 1–20,                       **ON THE PLEADINGS,**
14                                              **AND VACATING HEARING**
              Defendants.
15                                      /

16                            **INTRODUCTION**

17        In this wrongful-termination action, defendants move for partial judgment on the

18  pleadings.  For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

19  The hearing scheduled for September 20 is **VACATED**.

20                             **STATEMENT**

21        Plaintiff Michael Wright worked as a psychologist for defendants Kaiser Foundation

22  Hospitals, Kaiser Foundation Health Plan, Inc., and Permanente Medical Group, Inc.

23  Defendants jointly operated the Kaiser-Permanente Medical Care Program, where Wright

24  worked from 2001 to 2010.  Wright alleges that he was wrongfully terminated in November

25  2010 in retaliation for reporting unsafe, unethical, and unlawful practices by his department.

26  Specifically, Wright reported that defendants pressured his department to adulterate medical

27  reports and to provide substandard treatment to non-English speaking patients (Compl. ¶¶ 8–20).

28

**United States District Court**

For the Northern District of California

1    Wright filed a complaint in Alameda County Superior Court in 2011 alleging:  (1)

2   retaliation, (2) wrongful termination, (3) intentional interference with the right to practice a

3   profession, and (4) breach of contract.  In May 2012, defendants removed the action to this

4   District on the jurisdiction ground of Section 301 of the Labor Management Relations Act.

5   Wright subsequently questioned whether the terms of a collective bargaining agreement, and

6   therefore Section 301 of LMRA, applied to his termination.  Because the threshold issue of

7   subject-matter jurisdiction was in dispute, an order allowed the parties to engage in limited

8   discovery on the status of an expired collective bargaining agreement and whether its terms

9   applied to Wright's employment even after expiration (Dkt. No. 44).  At a recent discovery

10  hearing, both parties agreed that federal jurisdiction was proper pursuant to LMRA because at

11  least some terms of the expired collective bargaining agreement (including a "just cause"

12  provision) applied to Wright's employment when he was terminated (Dkt. No. 48).

13       Now, defendants move for partial judgment on the pleadings.

**ANALYSIS**

15       Our court of appeals recently held:

> Under Federal Rule of Civil Procedure 12(c), after the pleadings
> are closed — but early enough not to delay trial — a party may
> move for judgment on the pleadings.  Judgment on the pleadings is
> properly granted when, accepting all factual allegations in the
> complaint as true, there is no issue of material fact in dispute, and
> the moving party is entitled to judgment as a matter of law.
> Analysis under Rule 12(c) is substantially identical to analysis
> under Rule 12(b)(6) because, under both rules, a court must
> determine whether the facts alleged in the complaint, taken as true,
> entitle the plaintiff to a legal remedy.
>
> On a motion to dismiss under Rule 12(b)(6), a court must assess
> whether the complaint contains sufficient factual matter, accepted
> as true, to state a claim to relief that is plausible on its face.  Mere
> conclusory statements in a complaint and formulaic recitations of
> the elements of a cause of action are not sufficient.  Thus, a court
> discounts conclusory statements, which are not entitled to the
> presumption of truth, before determining whether a claim is
> plausible.  A claim has facial plausibility when the plaintiff pleads
> factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.
> Determining whether a complaint states a plausible claim for relief
> will . . . be a context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense.

1  *Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012) (quotations omitted) (citing

2  *Iqbal* and *Twombly*).

3          **1.**      **RETALIATION CLAIM UNDER HEALTH & SAFETY CODE SECTION 1278.5.**

4          California's whistleblower statute for health care workers provides: "No health facility

5  shall discriminate or retaliate, in any manner, against any patient, employee, member of the

6  medical staff, or any other health care worker of the health facility because that person has

7  [notify government entities of suspected unsafe patient care and conditions]." CAL. HEALTH &

8  SAFETY CODE § 1278.5. A different section of the statute defines "health facility" as "any

9  facility, place, or building that is organized, maintained, and operated for the diagnosis, care,

10 prevention, and treatment of human illness, physical or mental, including convalescence and

11 rehabilitation and including care during and after pregnancy, or for any one or more of these

12 purposes, for one or more persons, to *which the persons are admitted for a 24-hour stay or*

13 *longer, . . .*" CAL. HEALTH & SAFETY CODE § 1250 (emphasis added).

14         Contrary to defendants, Wright sufficiently pleads that he was employed by a health

15 facility, as defined by the statute quoted above. Specifically, Wright alleges that he was

16 employed by defendant Kaiser Foundation Hospitals, a health facility that may admit patients for

17 24-hour stays or longer (Compl. ¶¶ 3, 6). Wright also alleges that Kaiser Foundation Hospital

18 retaliated against him by wrongfully terminating his privileges to practice psychology at the

19 Kaiser Foundation Hospital (Compl. ¶ 50). This is sufficient for purposes of Rule 12.

20         In their reply brief, defendants raise a *new argument*, not in their original motion brief,

21 that Section 1278.5 requires reporting of unsafe patient practices *at the hospital*; that is,

22 defendants' reply-brief argument is that it is insufficient under the statute for a hospital employee

23 to report unsafe patient practices at an outpatient clinic, such as the one where Wright spent most

24 of his time working (Reply Br. 1–3). This argument is not raised in defendants' original motion

25 brief, and so Wright has not had an opportunity to respond. Defendants' sandbagging will not be

26 tolerated, and their arguments on this issue are stricken from their reply brief.

27

28

      *United States District Court* *For the Northern District of California*

United States District Court

For the Northern District of California

1            **2.**     **RETALIATION CLAIM UNDER LABOR CODE SECTION 1102.5.**

2  It is undisputed that Wright was required to exhaust his administrative remedies before

3  bringing a retaliation claim pursuant to California Labor Code section 1102.5.  *Campbell v.*

4  *Regents of Univ. of Calif.*, 35 Cal.4th 311, 317 (2005).  Wright admits that his complaint does

5  not allege exhaustion of administrative remedies, but now seeks leave to amend his complaint to

6  include that information (Opp. 12).  Therefore, Wright's claim under Labor Code Section 1102.5

7  is **DISMISSED**.

8            **3.**     **CLAIM FOR BREACH OF CONTRACT.**

9  The factual issues regarding Wright's breach of contract claim were discussed in a prior

10  order and at a discovery hearing (Dkt. Nos. 44, 48).  At this stage in litigation, it is unclear what

11  contractual terms were in effect at the time of Wright's termination.  Nonetheless, it is sufficient

12  for purposes of Rule 12(c) that Wright alleges that his employment contract had a "just cause"

13  provision and that he was fired without just cause.  Discovery will clarify issues regarding which

14  particular contract applied at the time of Wright's termination, which contractual provisions

15  survived the expiration of a collective bargaining agreement, and whether Wright has a viable

16  Section 301 claim under the LMRA.  These issues may be revisited on a Rule 56 motion.

17            **4.**     **CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

18  California recognizes a tort claim for wrongful terminations that violate public policy.

19  The public policy must be "(1) delineated in either constitutional or statutory provisions;

20  (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the

21  interests of the individual; (3) well established at the time of discharge; and (4) substantial and

22  fundamental."  *Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir. 2003) (*citing Tameny*

23  *v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980)).  In *Freund*, our court of appeals held that there

24  was a viable *Tameny* tort claim for violation of a whistleblower statute against retaliation for

25  reporting dangers to employee safety and health.  *Id.* at 758–60.

26  So too here.  As discussed, Wright sufficiently pleads that his termination violated

27  California's healthcare whistleblower statute.  At this Rule 12 stage, these allegations are

28  sufficient to support a *Tameny* tort claim.

4

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      **5.**      **CLAIM FOR INTENTIONAL DEPRIVATION OF
THE RIGHT TO PRACTICE A PROFESSION.**

In limited circumstances, California recognizes a tort claim for wrongful deprivation of the right to practice one's profession:

> In *Willis v. Santa Ana etc. Hospital Assn.*, 58 Cal.2d 806 (1962), a cause of action was stated where it was alleged that a physician of the highest qualifications was denied access to necessary hospital facilities as the result of a conspiracy designed to restrain competition and deprive him of his practice in order to benefit competing members of the conspiracy. As noted in *Larez v. Oberti*, 23 Cal. App. 3d 217 (1972), the *Willis* case basically is predicated upon allegations of an intentional and malicious conspiracy to deprive the plaintiff of the use of hospital facilities at which he could pursue his medical practice. The key was that the defendant's actions deprived the plaintiff of any opportunity to become employed in his field by excluding him from all of the hospital staffs in the entire Santa Ana area.

*O'Byrne v. Santa Monica-UCLA Medical Center*, 94 Cal. App. 4th 797, 812 (2001) (quotations and citations omitted).

Wright fails to allege that defendants took intentional and malicious actions to prevent him from practicing psychology at any other clinic in his geographical area. There is no allegation that defendants conspired with other clinics. There is no allegation that defendants intentionally defamed Wright, causing other clinics to remove Wright from their staffs or not hire him. It is insufficient merely to allege, as Wright does, that he was terminated from defendants' *particular* clinic and hospital. Nor is it sufficient to allege vaguely that his termination caused "damage to his reputation" (Compl. ¶ 43). Therefore, this claim is **DISMISSED**.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons stated above, defendants' motion for judgment on the pleadings is
**GRANTED IN PART** and **DENIED IN PART**.  The motion hearing scheduled for September 20 is
**VACATED**.  Plaintiff may seek leave to amend and will have **21 CALENDAR DAYS** from the date
of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended
complaint in order to further develop his claims.  A proposed amended complaint must be
appended to the motion and plaintiff must plead his best case.  The motion should clearly explain
how the amendments to the complaint cure the deficiencies identified herein.  This is not an
invitation to add new claims.  Per the case management scheduling order, the deadline to seek
leave to add new pleading amendments has passed (Dkt. No. 24).

        **IT IS SO ORDERED.**

Dated:   September 17, 2012.

                                        _____
                                        WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE